## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MAURICE BRISCOE, | * | |
| Appellant, | * | Civil Action No.: 8:25-cv-01184-PX |
| v. | * | |
| PATHIK RAMI, *et al.*, | * | |
| Appellees. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### OPPOSITION TO EMERGENCY MOTION FOR STAY PENDING APPEAL

Pathik Rami ("Rami'") and Safe Asset Group Limited Partnership ("Safe Asset") (collectively "Creditors" or "Appellees"), by their undersigned counsel, opposes the Emergency Motion for Stay Pending Appeal (the "Motion") filed by Debtor, Maurice Briscoe ("Debtor" or "Appellant") and state as follows:

**I.     Introduction**

The present appeal is merely the latest chapter in the tortured saga of the relationship between Debtor/Appellant on the one hand and Creditors/Appellees on the other. Despite the theories raised in Debtor/Appellant's *Emergency Motion For Stay Pending Appeal*, the only issue that is properly before this Court is whether the Bankruptcy Court erred in Bankruptcy Case No. 23-12106-MCR (the "Bankruptcy Case") by entering the *Order Adjudicating Debtor's Objections to Claims No. 14 and 15 Filed by Pathik Rami and Safe Asset Group Limited Partnership* [Bkr. ECF No. 253] (the "Claims Order") such that a stay of underlying bankruptcy proceedings could be warranted. The Claims Order was well-reasoned, considered after extensive and protracted briefing submitted by the parties over the preceding year, and embraced the evidence and arguments raised during an all-day hearing that did not conclude until nearly 7:00 p.m. on March 17, 2025. Accordingly, no stay is warranted and the Motion should be denied.

## II. Background

The parties have been engaged in litigation since at least 2017 and their myriad business interactions predate the litigation by nearly a decade. However, only two parcels of real estate and four state court Judgments for the Creditors against Debtor (the "Judgments") are at issue in this appeal. As the Bankruptcy Court correctly observed, it does not have the power to disturb the Judgments for the Creditors from the state courts despite Debtor/Appellant's repeated attempts to use his bankruptcy filings to do so.

### a. Judgments In Favor Of Rami

On or about November 1, 2018, Debtor and Baltimore Property Rentals LLC executed a Term Promissory Note in the original principal amount of $290,000.00 in favor of Rami (the "First Term Promissory Note"). See Appellee's *Exhibit List* [Bkr ECF 244], Ex. 8. The First Term Promissory Note was for four parcels of real estate, including the real property known as 3210 Garrison Boulevard, Baltimore Maryland 21216 (the "Garrison Property"). *Id.* However, Debtor ran into project delays and financing issues prior to Rami's Judgment on the First Term Promissory Note. See Appellee's *Exhibit List* [Bkr ECF 244], Ex. 10. As a result, Debtor asked Rami to remove the Garrison Property from the debt, which Rami did prior to the entry of Judgment, which Judgment reflected the reduced balance due on the First Term Promissory Note, and Debtor never purchased nor ever acquired any title to the Garrison Property. *Id.* To be clear, the value of the Garrison Property covered by the First Term Promissory Note was $85,000.00, and the amount of the outstanding principal under the First Term Promissory Note was accordingly reduced by that $85,000.00. See Appellee's *Exhibit List* [Bkr ECF 244], Ex. 11.

Prior to the Judgment on the First Term Promissory Note, Debtor failed to make payments when and as due and was declared to be in default under the First Term Promissory Note. See Appellee's *Exhibit List* [Bkr ECF 244], Ex. 8. Rami filed suit to enforce the First Term Promissory

Note. *Id.* On February 16, 2022, Judgment was entered in favor of Rami against Debtor in the Circuit Court for Baltimore City in Case No.: 24-C-22-000488 in the amount of $75,416.82, plus post-judgment interest at the legal rate of 10% until paid (the "First Judgment"). See Appellee's *Exhibit List* [Bkr ECF 244], Ex. 7. The First Judgment was enrolled in the Circuit Court for Baltimore County on September 22, 2022 and was also enrolled in the Circuit Court for Prince George's County on September 21, 2022 to place Judgment liens against real estate owned by Debtor in each of those jurisdictions. See Appellee's *Exhibit List* [Bkr ECF 244], Ex. 9, 16.

Separately, Debtor and Rami executed a Membership Interest Purchase and Sale Agreement whereby Debtor conditionally acquired an interest in 5007 Liberty Heights Ave LLC (the "LLC") in exchange for $147,000.00 to be paid by Debtor via a promissory note executed by Debtor in favor of Rami (the "Second Term Promissory Note"). See Appellee's *Exhibit List* [Bkr ECF 244], Ex. 13. However, the conditional assignment to Debtor was cancelled and nullified prior to Debtor's bankruptcy case when Debtor fell into arrears and became three months' delinquent on payments due under the Second Term Promissory Note. *Id.* Debtor never acquired any ownership in the subject underlying property, 5007 Liberty Heights Avenue (the "Liberty Heights Property"), nor was it ever part of Debtor's bankruptcy estate. Similarly, any claim by Debtor to any membership interest in the LLC was extinguished more than a year prior to his bankruptcy filing.

The Liberty Heights Property was owned by the LLC. In the spring of 2021, the structure on the Liberty Heights Property was partially destroyed by a fire, and the resulting insurance proceeds of $152,714.21, less commissions for the public adjuster, were applied to the outstanding principal balance under the Second Term Promissory Note. See Appellee's *Exhibit List* [Bkr ECF 244], Ex. 15.

In the summer of 2021, Debtor failed to make payments when and as due pursuant to the Second Term Promissory Note, which was then declared to be in default as of July 1, 2021. See Appellee's *Exhibit List* [Bkr ECF 244], Ex. 13. Rami filed suit to enforce the Second Term Promissory Note (See Appellee's *Exhibit List* [Bkr ECF 244], Ex. 13) and, on February 16, 2022, Judgment was entered in favor of Rami against Debtor in the Circuit Court for Baltimore City in Case No.: 24-C-22-000489 in the amount of $24,806.31, plus post-judgment interest at the legal rate of 10% until paid (the "Second Judgment"). See Appellee's *Exhibit List* [Bkr ECF 244], Ex. 12. The Second Judgment was also enrolled in the Circuit Court for Baltimore County on September 23, 2022 and in the Circuit Court for Prince George's County on October 3, 2022. See Appellee's *Exhibit List* [Bkr ECF 244], Ex. 14. As a result, the First Judgment and the Second Judgment are secured by all of Debtor's real estate properties in Baltimore City, Baltimore County and Prince George's County. See Appellee's *Exhibit List* [Bkr ECF 244], Ex. 16.

As a result, the two properties about which all of Debtor's complaints pertain, including all of the fire insurance proceeds, were fully accounted for prior to the entry of the First Judgment and the Second Judgment. Notwithstanding, Debtor's continued to complaint that he should be given credit for amounts that were already credited before the First Judgment and the Second Judgment were entered, which the Bankruptcy Court rightly rejected Debtor's post-Judgment complaints in his bankruptcy filings long after Debtor's time to alter or amend either of the Judgments even if Rami had not already credited Debtor fully for the removal of the Garrison Property from the first debt and the fire insurance proceeds for the Liberty Heights Property from the second debt. Debtor had no factual or legal theory to present to justify his complaints, and the Bankruptcy Court properly rejected his objections to Rami's proof of claims based on the first and second Judgments.

b. *Judgments In Favor of Safe Asset*

On or about November 13, 2019, Debtor and Team Briscoe Entertainment TBE LLC executed a Confessed Judgment Mortgage Note in the original principal amount of $40,900.00 in favor of Safe Asset (the "First Confessed Judgment Mortgage Note"). See Appellee's *Exhibit List* [Bkr ECF 244], Ex. 2. Debtor failed to make payments when and as due and was declared to be in default under the First Confessed Judgment Mortgage Note in 2021. *Id.*

Safe Asset filed suit to enforce the First Confessed Judgment Mortgage Note. *Id.* On October 13, 2021, Judgment was entered in favor of Safe Asset against Debtor in the Circuit Court for Baltimore City in Case No.: 24-C-21-004230 in the amount of $60,153.54, plus post-judgment interest at the legal rate of 10% until paid (the "Third Judgment"). See Appellee's *Exhibit List* [Bkr ECF 244], Ex. 1. The Third Judgment was enrolled in the Circuit Court for Baltimore County on October 14, 2022 and in the Circuit Court for Prince George's County on October 3, 2022. See Appellee's *Exhibit List* [Bkr ECF 244], Ex. 3.

On or about November 13, 2019, Debtor, Tempy Briscoe and Yvonne Forrester executed a Confessed Judgment Mortgage Note in the original principal amount of $41,500.00 in favor of Safe Asset (the "Second Confessed Judgment Mortgage Note"). See Appellee's *Exhibit List* [Bkr ECF 244], Ex. 5. Debtor failed to make any payments and was declared to be in default under the Second Confessed Judgment Mortgage Note. *Id.*

Safe Asset filed suit to enforce the Second Confessed Judgment Mortgage Note. *Id.* On October 13, 2021, Judgment was entered in favor of Creditor Safe Asset against Debtor in the Circuit Court for Baltimore City in Case No.: 24-C-21-004231 in the amount of $30,995.69, plus post-judgment interest at the legal rate of 10% until paid (the "Fourth Judgment"). See Appellee's *Exhibit List* [Bkr ECF 244], Ex. 4. The Fourth Judgment was enrolled in the Circuit Court for Baltimore County on September 23, 2022 and also enrolled in the Circuit Court for Prince George's

5

County on October 3, 2022. See Appellee's *Exhibit List* [Bkr ECF 244], Ex. 6. As a result, the Third Judgment and the Fourth Judgment are secured by all of Debtor's real estate properties in Baltimore City, Baltimore County and Prince George's County. See Appellee's *Exhibit List* [Bkr ECF 244], Ex. 17.

Most notably, none of Debtor's objections to the Creditors' proof of claims from which he has appealed in this case have any relevance or impact on the claims of Safe Asset, which is why the Bankruptcy Court granted Safe Assets' Motion for Summary Judgment denying Debtor's objections as to those claims. Debtor's objections to Rami's proof of claims were rejected following evidence, testimony and arguments based on the pre-Judgment credits Rami provided to Debtor as reflected in section a. above.

   c. *The Bankruptcy*

On March 29, 2023, Debtor initiated the Bankruptcy Case by filing a petition for relief under Chapter 7 of the U.S. Bankruptcy Code. [Bkr. ECF No. 1]. The Bankruptcy Case was converted to a Chapter 13 on December 14, 2023 [Bkr. ECF No. 75] on Debtor's motion [Bkr. ECF No. 42]. It was subsequently re-converted back to a Chapter 7 proceeding on November 21, 2024 [Bkr. ECF No. 209] after Debtor was unable to confirm any plans and after Debtor failed to file monthly reports for more than a year in violation of the Bankruptcy Court's prior Order to do so and its Show Cause Order to address why he failed to do so.[1]

Rami and Safe Asset timely filed Proof of Claims in the Bankruptcy Case [Claim Nos. 14-1 and 15-1] and later amended their Claims [Claim Nos. 14-2 and 15-2] (collectively, the "Claims"). Rami's amended proof of claim asserted a secured claim in the amount of $153,050.23 at 10% interest based on the aggregate amounts owed under the First Judgment and the Second

---

[1] Debtor noted an appeal of the *Order Reconverting Case From Chapter 13 to Chapter 7* in Civil Case No. 8:24-cv-03494-PX (the "First Appeal").

6

Judgment [Claim No. 14-2]. Safe Asset's amended proof of claim asserted a secured claim in the amount of $142,534.38 at 10% interest based on based on the aggregate amounts owed under the Third Judgment and the Fourth Judgment [Claim No. 15-2].

On May 17, 2024, Debtor filed his *Objection to Claim Number 14 In Re: Pathik Rami in the Amount of $153,050.23* [Bkr. ECF No. 127] and an *Objection to Claim Number 15 In Re: Safe Asset Limited Partnership in the Amount of $142,543.38* [Bkr. ECF No. 128] (together, the "Objections"). The Objections were based on three arguments: (1) that Rami did not have authority to sell the Liberty Heights Property in 2023; (2) that the Claims failed to account for the insurance proceeds received from the fire at the Liberty Heights Property in 2021; and (3) the Claims should be reduced by the value of the Garrison Property that was removed from the financing deal in 2019. The Appellees filed a joint *Response* on June 14, 2024 [Bkr. ECF No. 134] (the "Response"). The Appellees contended that the state courts had previously adjudicated all of Debtor's arguments pursuant to the Judgments and pre-petitions court cases, and thus Debtor was barred by *res judicata* from relitigating the issues and the Claims, which already accounted for all reductions or offsets. Since Debtor did not own the Liberty Heights Property, which was properly sold by Rami following court adjudication in any event, Debtor lacked standing since he did not own that property and it was never an asset of his bankruptcy estate. Moreover, none of Debtor's arguments applied to Safe Asset's claim. Indeed, Debtor's arguments as to the Liberty Heights Property and the Garrison Property were only directed to the Judgments for Rami against Debtor, and not to the Safe Asset Judgments.

On January 10, 2025, Appellees filed their *Motion for Summary Judgment as to Debtor's Objections To Proof Of Claims Filed By Pathik Rami and Safe Asset Group Limited Partnership* [Bkr ECF No. 224] (the "MSJ"). The MSJ maintained the argument advanced in the Response,

7

i.e., all three of Debtor's theories and arguments were previously adjudicated by the state courts prior to filing of Debtor's bankruptcy case and thus had no bearing on the Claims.

On February 3, 2025, the Bankruptcy Court held a third status conference [ECF No. 237] and set in an evidentiary hearing on the Objections, Response, and MSJ for March 17, 2025.

On March 17, 2025, the Bankruptcy Court conducted an all-day evidentiary hearing on the Claims, the Objections, the Response, and the MSJ [Bkr. ECF No. 250] (the "Hearing"). After considering the record and the arguments presented, the Bankruptcy Court granted summary judgment in favor of Safe Asset because the Debtor failed to raise any objections to the Safe Asset claim or otherwise overcome the prima facie validity of the Safe Asset claim. However, the Bankruptcy Court denied summary judgment in favor of Rami because there were disputed material facts. The remainder of the hearing was devoted to Debtor's objections to Rami's claims regarding the Liberty Heights Property and the Garrison Property. At the end of the hearing, the Bankruptcy Court overruled Debtor's Objections and entered its findings in the Claims Order.

On March 26, 2025, the Bankruptcy Court entered the Claims Order: (1) granting the MSJ as to Safe Asset's Claim No. 15 and allowing the secured claim in amount of $104,718.73 as of Petition Date; (2) denying the MSJ on Rami's Claim No. 14 but overruling the Objection and allowing the secured claim in amount of $111,541.59 as of petition date; and (3) allowing the Appellees' general unsecured claims for collection costs in the amount of those costs as of petition date. See *Claims Order*, Bkr ECF No. 253.

On March 31, 2025, Debtor filed a *Motion for Recusal of Judge* [Bkr ECF No. 255], which the Bankruptcy Court denied on April 2, 205 in its *Order Denying Motion to Recuse Judge or Abstain* [Bkr ECF No. 256], finding that the sole basis for Debtor's request for recusal was that he disagreed with the Judge's rulings and citing *Liteky v. United States*, 510 U.S. 510, 555 (1994) that

such basis is not sufficient grounds for recusal because rulings alone almost never constitute a valid basis for a bias or impartiality motion.

On April 3, 2025, Debtor filed a *Notice of Appeal to District Court and Motion to Stay Pending Appeal* [Bkr ECF No. 257], thus initiating the instant case (the "Second Appeal"). The two Orders that fall within the 14-day deadline established by FRBP 8002(a)(1) and 28 U.S.C. § 158(c)(2) are the Claims Order [Bkr. ECF No. 253] and the *Order Denying Motion to Recuse Judge or Abstain* [Bkr ECF No. 256]. Although Debtor's Motion notes his dissatisfaction with the Bankruptcy Court's treatment of certain adversary proceedings, no appeals were timely noted from any of the relevant orders in any of those adversary cases. Thus, no issues from any Adversary Proceedings are properly before this Court.

On April 7, 2025, the Bankruptcy Court entered an *Order Denying Motion to Stay Pending Appeal* [Bkr. ECF No. 262]. On May 19, 2025, Debtor filed a second *Motion for Stay Pending Appeal and Request to Set and Approve Appeal Bond* [Bkr. ECF No. 292]. On May 20, 2025, the Bankruptcy Court entered an *Order Denying Motion to Stay Pending Appeal* [Bkr. ECF No. 293].

### III. Analysis

In order to obtain a stay pending appeal without posting a bond, Debtor would need to show "(1) that he will likely prevail on the merits of the appeal; (2) that he will suffer irreparable injury if the stay is denied; (3) that other parties will not be substantially harmed by the stay; and (4) that the public interest will be served by granting the stay." *Culver v. Boozer*, 285 B.R. 163, 166 (D. Md. 2002) (citing *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970)). Additionally, Local District Court Rule 404.4 (Procedure Regarding Motion to Stay Pending Appeal) requires Debtor to file with the clerk of the District Court copies of all documents in the record of the Bankruptcy Court relevant to the appeal, along with the stay motion. As noted by the Show Cause

Order entered by this Court on June 20, 2025 [ECF No. 5], Debtor failed to provide timely copies or designate any part of the record, let alone the parts relevant to his alleged assignments of error. As such, it is clear that Debtor cannot meet his burden of proof and that the Motion should be denied.

  a. *There is No Likelihood of Success On The Merits Of Debtor's Arguments*

Debtor has failed to establish that the Claims Order and the *Order Denying Motion to Recuse Judge or Abstain* will likely be reversed, nor can he, as the Claims were properly filed in compliance with FRBP Rule 3001 and "constitute[d] prima facie evidence of the validity and amount of the claim[s]." Fed. R. Bankr. P. 3001(f). Debtor failed to introduce any evidence to the contrary on the Safe Asset claim despite being afforded the opportunity to do so at the all-day evidentiary Hearing that the Bankruptcy Court held on March 17, 2025. Bkr. ECF No. 250. The Bankruptcy Court cannot be said to have erred when it was never presented with evidence to rebut the claim's presumptive validity.

Although Debtor's Objections might have generated a dispute of material fact as to the amount owed under the Rami Claims, the evidence and testimony presented at the Hearing were sufficient to establish that the Claims already accounted for the reductions sought by Debtor and that his theories as to the Liberty Heights Property had no merit nor pertained to any estate asset. After acknowledging that the *Rooker-Feldman Doctrine* prohibited the Bankruptcy Court from re-adjudicating the merits of the underlying Judgments, the Bankruptcy Court made the relevant findings in the Claims Order:

> First, the Debtor argued that Mr. Rami failed to credit the amount owed by the Debtor on the judgment entered in Case No. 24-C-22-000489 with insurance proceeds Mr. Rami received as a result of a fire at the Liberty Heights Property. The [Appellants] presented uncontroverted evidence that the State Court considered the insurance proceeds prior to entry of the judgment in favor of Mr. Rami in that case. The judgment indisputably reflects a reduction in the amount of $152,714.21 as the result of a check Mr. Rami received from the insurer eight months before entry of

the judgment. See [Appellants'] Ex. 15 (spreadsheet for amount due in Case No. 24-C-22-000489).

Second, the Debtor argued that Mr. Rami failed to credit the amount owed by the Debtor on the judgment entered in Case No. 24-C-22-000488 with the value of the Garrison Property, which the parties removed from their financing deal. Again, the [Defendants] presented uncontroverted evidence that the State Court considered the value of the Garrison Property prior to entry of the judgment for Mr. Rami in that case. The Term Promissory Note on which the judgment is based was in the original principal amount of $290,000. See [Defendants'] Ex. No. 8 (complaint and note). This amount was reduced by the value of the Garrison Property, which was determined to be $85,000, prior to entry of the judgment by the State Court. See [Defendants'] Ex. No. 11 (spreadsheet for amount due in Case No. 24-C-22-000488). Accordingly, contrary to the Debtor's assertions, the judgment entered by the State Court in Case No. 24-C-22-000488 reflects the disposition of the Garrison Property.

Finally, the Debtor argued that Mr. Rami sold the Liberty Heights Property without authority and that Mr. Rami failed to apply the proceeds from the sale of the Liberty Heights Property to the amounts owed on the judgments entered in Mr. Rami's favor. Once again, the [Defendants] presented indisputable evidence that Mr. Rami had authority to sell the Liberty Heights Property. Mr. Rami owned 100% of the membership interests in the limited liability company (5007 Liberty Heights Ave, LLC) that owned the Liberty Heights Property, and Mr. Rami agreed to transfer the membership interests to the Debtor under certain conditions. However, the conditions were not satisfied and Mr. Rami remained the owner of the limited liability company. He therefore had authority to sell the Liberty Heights Property. Mr. Rami gave detailed and undisputed testimony that there were no funds available to apply to the judgments after payment of closing costs, taxes, fines, legal expenses, and property repairs.

Claims Order, Bkr. ECF No. 253, pgs. 6-7.

The Claims Order was properly grounded in the extensive factual and legal record presented by the parties, and Debtor is unlikely to prevail in seeking reversal of the Claims Order.

As to the *Order Denying Motion to Recuse Judge or Abstain*, Section 455(a) of Title 28 of the United States Code focuses on the appearance of impropriety and states: "Any justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." As the Supreme Court has noted, Section 455(a)

"deals with the *objective* appearance of partiality." *Liteky v. United States*, 510 U.S. 540, 553 n.2 (1994) (emphasis in original).

Debtor has not identified any ruling or comment allegedly made by the Bankruptcy Court that goes beyond the "judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel and to witnesses" that were deemed inadequate grounds for recusal by the Supreme Court. *Liteky*, 510 U.S. at 541. This failure is fatal to his appeal, as "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.... In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they ... can only in the rarest circumstances evidence the degree of favoritism or antagonism required when no extrajudicial source is involved." *Id.* at 555 (citations omitted). Moreover, it is clear from even a cursory review of the record that the Bankruptcy Court did not display any bias against Debtor. Indeed, the Bankruptcy Court went above and beyond to ensure that Debtor's arguments were fairly evaluated by reviewing the extensive briefing submitted by all parties and by conducting an all-day hearing at which Debtor both testified and submitted evidence.

The Bankruptcy Court's decision to overrule the Objections and enter the Claims Order was not clearly erroneous given Debtor's failure to meet his burden of proof and given the extensive record documenting the Claims. Further, the Bankruptcy Court's *Order Denying Motion to Recuse Judge or Abstain* [Bkr ECF No. 256] was proper given that Debtor failed to identify any extrajudicial sources of bias. He is unlikely to prevail on appeal as to either ruling and this Court should therefore deny Debtor's *Emergency Motion For Stay Pending Appeal*.

   b. *Debtor Will Not Suffer Irreparable Injury If The Stay Is Denied*

Debtor complains that the failure to stay the underlying bankruptcy will irreparably harm him because, among other things, it will cause him to lose property rights and the protections

afforded by Section 362 of the Bankruptcy Code. As an initial threshold matter, he now claims for the first time that the Liberty Heights Property is his primary residence. He makes this claim despite the fact that his Petition for Relief [Bkr ECF No. 1] and all of his subsequent pleadings have always listed his primary address as 9903 Nicol Court West, Mitchellville, MD 20721. Not only is Debtor's argument unpreserved, it is also blatantly false. There was no interest to be protected by Section 362 at any time during the bankruptcy proceedings from 2023 onwards because Debtor does not have any interest in the Liberty Heights Property and has not had even a colorable claim to an interest in the property since well before he filed bankruptcy when he defaulted on his payments to Rami. Moreover, the Trustee filed a Motion to Sell all of Debtor's assets, which was granted but never appealed, rendering moot Debtor's allegations, appeal and any alleged injury if no stay for appeal is entered in any event.

As to the *Order Denying Motion to Recuse Judge or Abstain* [Bkr ECF No. 256], Debtor has had ample opportunity to provide this Court and the Bankruptcy Court with evidence of extrajudicial bias but has failed to do so. The imposition of a stay pending appeal is not warranted here where Briscoe is the cause of the irreparable injury he is claiming. See *Long v. Robinson*, 432 F.2d 977, 981 (4th Cir.1970) ("[T]he principal irreparable injury which defendants claim that they will suffer if the order of the district court is not stayed is injury of their own making ... It would seem elementary that a party may not claim equity in his own defaults.").

There is no prejudice to Debtor caused by declining to stay the underlying bankruptcy proceedings because Debtor remains free to file additional recusal motions should he locate convincing evidence of extrajudicial bias outside of court rulings that are adverse to him. And if there is any prejudice to him caused by the denial of a stay, it is greatly outweighed by that suffered

13

by Appellees and the other creditors who have watched him languish in his bankruptrcy case for nearly two and half years.

        *c.   Other Parties Will Be Substantially Injured By The Imposition Of A Stay*

Debtor contends that further delay "simply preserves the status quo" while conveniently ignoring the real and actual costs to creditors and third-parties. Debtor's creditors will be substantially injured by the entry of a stay, which, at a minimum, might pause the Bankruptcy Court's and the Trustee's efforts to administer the Estate's assets and will further prolong a straightforward Chapter 7 that has already ground on for nearly two and a half years. Debtor never confirmed a Chapter 13 plan, much less ever present any viable Chapter 13 plans, despite nearly a year, to repay his creditors and it seems unlikely that any of his creditors will be appreciably repaid under the current Chapter 7. Staying the underlying bankruptcy proceedings while Debtor attempts to relitigate matters that were fully and finally adjudicated by the state court Judgments and thoroughly reviewed by the Bankruptcy Court ensures that whatever assets remain in the Estate will be consumed by burgeoning administrative costs. A stay would also substantially injure both Debtor's creditors and the occupants of the various rental properties managed by Debtor as they have been paying rent to Debtor that he has never fully and finally accounted for his receipts even after admitting to having diverted rents to his daughter in violation of Bankruptcy law and without accounting for them in violation of the Bankruptcy Court's Order to file monthly reports and its Show Cause Order after he failed to do so.

Debtor has further jeopardized the Estate properties by failing to fully pay all water bills and real estate taxes due and by leaving the properties uninsured. Any stay of the bankruptcy proceedings below would only serve to further exacerbate the harm to the Creditors and others and merely reward Debtor for his dilatory conduct throughout the bankruptcy proceedings.

    *d. No Public Interest Will Be Served By The Grant Of A Stay*

The public interest in this instance falls squarely on the side of the Appellees. Debtor has had ample opportunity to object to the Claims and to demonstrate any bias by the Bankruptcy Court. There is no legitimate interest, public or otherwise, to be served by allowing Debtor to continue tilting at windmills at the service of his interests alone.

**IV.   Conclusion**

For all the reasons stated above, a stay pending appeal is inappropriate in this case. Accordingly, Appellees/Creditors Pathik Rami and Safe Asset Group Limited Partnership respectfully request that this Court enter an Order denying the Emergency Motion For Stay Pending Appeal and granting Creditors such other and further relief as the Court deems appropriate.

Respectfully submitted,

/s/ *Stanford G. Gann, Jr.*
Stanford G. Gann, Jr.
Federal Bar No. 07680
Levin Gann PA
1 W. Pennsylvania Avenue, Suite 900
Towson, Maryland 21204
410-321-0600 (direct)
410-339-5762 (fax)
sgannjr@levingann.com
*Attorneys for Appellees/Creditors*

**CERTIFICATE OF SERVICE**

I hereby certify that this 2nd day of July, 2025, a copy of the foregoing was filed and served by CM/ECF to those parties listed on the docket as being entitled to such electronic notices and by e-mail to Mr. Maurice Briscoe, 9903 Nicol Court, Bowie, Maryland 20721; mauricebriscoe@msn.com.

/s/ *Stanford G. Gann, Jr.*
Stanford G. Gann, Jr.