UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MAURICE BRISCOE, | * | |
| Appellant, | * | Civil Action No.: 8:25-cv-1184-PX |
| v. | * | |
| PATHIK RAMI, *et al.,* | * | |
| Appellees. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO DISMISS APPEAL

Appellees/Creditors Pathik Rami ("Rami") and Safe Asset Group Limited Partnership ("Safe Asset") (collectively the "Creditors" or "Appellees"), by and through their undersigned attorneys, hereby file this Motion to Dismiss the appeal filed by Appellant/Debtor Maurice Briscoe ("Appellant" or "Briscoe"), and in support thereof, state as follows:

On April 3, 2025, Briscoe filed a *Notice of Appeal to District Court and Motion to Stay Pending Appeal* [Bkr ECF No. 257] in Bankruptcy Case No. 23-12106-MCR. The Notice of Appeal was docketed with this Court on April 9, 2025. [ECF No. 1]. Bankruptcy Rule 8009(a)(1) charges Briscoe with an obligation to file a designation of the record and statement of the issues on appeal within 14 days of filing the notice of appeal, in addition to a number of other requirements imposed upon him by Bankruptcy Rule 8009 generally. Briscoe failed to timely comply with Bankruptcy Rule 8009 when he failed to file his record designations and statement of the issues on appeal by April 17, 2025.

Local Rule 404.2 states in pertinent part:

> Whenever the appellant fails to designate the contents of the record on appeal or to file a statement of the issues to be presented on appeal within the time required by Bankruptcy Rule 8009, the Bankruptcy Clerk shall transmit forthwith to the Clerk of the District Court a partial record … When the partial record has been filed in the District Court, the Court may … upon its own initiative, dismiss the appeal for

1

non-compliance with Bankruptcy Rule 8009 after giving the appellant opportunity to explain the non-compliance and upon considering whether the noncompliance had prejudicial effect on the other parties.

On April 18, 2025, the partial record transmitted by the Bankruptcy Clerk was docketed in this Court. [Bkr ECF No. 266; ECF No. 3]. Federal Rule of Bankruptcy Procedure 8018 requires an appellant to "file a brief within 30 days after the docketing of notice that the record has been sent or is available electronically." Fed. R. Bankr. Proc. 8018(a)(1). It has been more than thirty days since the record in this case was docketed. Briscoe was required to file his initial brief on or before May 19, 2025, but failed to do so.

Local Rule 404.3 provides:

Whenever the appellant fails to serve and file a brief within the time required by Bankruptcy Rule 8018, the District Court may, upon motion of the appellee (to be filed in the District Court) or upon its own initiative, dismiss the appeal after giving the appellant an opportunity to explain the non-compliance and upon considering whether the noncompliance had prejudicial effect on the other parties.

On June 20, 2025, this Court entered an Order [ECF No. 5] directing Briscoe to show cause as to why the appeal should not be dismissed for non-compliance with Bankruptcy Rule 8009. Briscoe's Response to the Show Cause Order, Designation of Record, and Statement of Issues on Appeal was allegedly filed in this case on June 30, 2025 but it does not appear on the docket and does not have an ECF number associated with it. Further, instead of reviewing the docket to determine what specific documents might be relevant on appeal, Briscoe designated the <u>entire record</u> in his main bankruptcy case as well as the record from one of his adversary complaints. Regardless, Briscoe's failure to comply with Bankruptcy Rule 8018 remains uncured and Appellees have been heavily prejudiced by the protracted and scattershot nature of Briscoe's filings.

### **Dismissal Pursuant To The *In re Serra Builders, Inc*. Factors Is Warranted**

This Court may dismiss this case if it (1) makes a finding of bad faith or negligence; (2) gives the appellant notice and an opportunity to explain the delay; (3) considers whether the delay had any possible prejudicial effect on the other parties; and (4) indicates that it considered the impact of the sanction and available alternatives. *In re Serra Builders, Inc*., 970 F.2d 1309, 1311 (4th Cir. 1992). Furthermore, this Court has the inherent power to dismiss an action with prejudice because of failure to prosecute. *Roadway Ex., Inc. v. Piper*, 447 U.S. 752, 765 (1980) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). Here, all four factors weigh in favor of dismissal.

As to the first factor, this Court may consider an appellant's "overall behavior ... throughout the procedure," including "failure to explain satisfactorily her non-filing of a brief after the district court gave her an opportunity to do so." *In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997) ("Bad faith [is] inferable from the overall behavior of the [appellants] throughout the procedure."). As only the most recent example, Briscoe failed to appear for his mandatory 341 Meeting on July 9, 2025. Briscoe's repeated failures to comply with the Bankruptcy Rules in both his appeals and the underlying bankruptcy action constitutes bad faith sufficient to dismiss the appeal. Briscoe is not a first-time offender and has displayed a pattern of dilatoriness in all three cases that makes clear his goal: to snarl the bankruptcy proceedings in endless relitigation and keep the automatic stay in place so that his creditors can never be made whole. *Reid v. Cohen*, No. PWG-19-752, 2020 WL 886181, at *3 (D. Md. Feb. 24, 2020) (finding bad faith where the appellants "have not met multiple procedural deadlines for this appeal, which leads me to believe that this appeal is also an effort to delay the inevitable"); *Andresen v. Rosen*, 2006 WL 4550187 at *3 (D. Md. Sept. 26, 2006) (taking the appellant's delay in filing the appellate brief as bad faith because it was "in his interest to keep the appeal stalled"). Briscoe has undeniably utilized his bankruptcy petitions for

an improper motive, thus demonstrating his bad faith in dragging out the appeal process. "'An improper purpose may be shown by excessive persistence in pursuing a claim or defense in the face of repeated adverse rulings.'" *Green v. Prince George's Cnty. Off. of Child Support*, 641 B.R. 820, 839 (D. Md. 2022), *aff'd*, No. 22-1705, 2023 WL 3051812 (4th Cir. Apr. 24, 2023) (citing *Lewin v. Cooke*, 95 F. Supp. 2d 513, 527 (E.D.Va.2000)). Briscoe's pattern of filings is discussed at length in the Opposition to Motion to Stay Pending Appeal filed by the Appellees [ECF No. 6], and such recitation of fact is incorporated by reference herein. Even after being repeatedly instructed by the Bankruptcy Court time and again that it cannot rehear issues previously litigated in state court, Briscoe has persisted in attempting to revive dead issues and filing frivolous and repetitive pleadings.

Moreover, even when given the opportunity to address the Court's concerns, Briscoe shirked his duty as a pro se appellant to familiarize himself with the rules and instead blames his non-compliance on the failure of the bankruptcy court or the clerk's office to "provide clear notice" of Briscoe's obligations under Rule 8009. A pro se litigant "'must conduct an adequate inquiry into the facts and law'" before filing, same as a represented party. *Green,* 641 B.R. at 839 (citing *In re Kersner*, 412 B.R. 733, 744 (Bankr. D. Md. 2009)). Certainly Briscoe was on notice that there were appellate rules that he needed to familiarize himself with after the Court entered its Order notifying him of same; continued failures and pleas of ignorance fail merely demonstrate negligence sufficient to warrant dismissal of this appeal. *In re Grice*, No. 13-50689, 2015 WL 11112155, at *2 (E.D. Va. Nov. 12, 2015), aff'd, 654 F. App'x 589 (4th Cir. 2016) ("First, the court finds that Appellant's continued failure to act, despite the warnings and deadline extensions provided by the court, evidences either bad faith or negligence."); *Rozario v. Branigan*, No. BR 19-17968, 2020 WL 5849485, at *1 (D. Md. Sept. 30, 2020) ("Many courts have found an

appellant's failure to timely file a brief inexcusable where, as here, the appellant failed to provide an explanation for its failure to file an appellate brief many months after the Notice of Docketing Bankruptcy Appeal.") (citation omitted).

As to the second *Serra Builders* factor, Briscoe has two separate appeals pending and show cause orders were issued in both. The Court gave Briscoe ample notice and opportunity to file a record designation and statement of issues on appeal. As stated above, Briscoe has allegedly filed to correct the deficiencies. However, Appellant's filing was silent as to his failure to an appeal brief in accordance with Bankruptcy Rule 8009 and thus failed to provide a "compelling reason for the delay in either the filing of their designation of the record or the filing of their appellate brief." *Reid*, 2020 WL 886181, at *3. Further, Briscoe has a history of disregarding show cause orders: On November 7, 2024, the Bankruptcy Court issued a show cause order [Bkr ECF No. 200] directing Briscoe to account for his failure to provide monthly operating reports on his income and expenses so that his case could continue under Chapter 13, as Briscoe had specifically requested, rather than Chapter 7. As has been Briscoe's pattern throughout his bankruptcy case and his appeals, he merely filed inadequate papers that lacked the required content on the morning of the show cause hearing [Bkr ECF Nos. 203-206]; those filings were stricken [Bkr. ECF No. 219] and the case was converted back to a Chapter 7 [Bkr ECF No. 209].

Similarly, Briscoe repeatedly failed or refused to provide the various trustees with requested financial documents ahead of scheduled 341 meetings, defeating scrutiny of his finances. His first Chapter 13 341 meeting on January 18, 2024 was continued to allow Briscoe time to provide documents required by Section 521 [Bkr. ECF No. 95]; the subsequent meetings in February 2024 [Bkr. ECF No. 108, 109], March 2024 [See un-numbered docket entry from March 15, 2024], June 2024 [Bkr. ECF No. 140], August 2024 [See un-numbered docket entry from

5

August 2, 2024] were all continued to provide Briscoe with even more time to locate and provide his financial information. This pattern continued past re-conversion to Chapter 7 in January 2025 [See un-numbered docket entry from January 7, 2025], March 12, 2025 [Bkr. ECF No. 245], May 2025 [See un-numbered docket entries from May 13, 2025 and May 14, 2025 noting Briscoe's failure to appear], and July 9, 2025, where Briscoe once again failed to appear or provide the requested documentation. The record from the Bankruptcy Court is replete with similar examples where Briscoe actively rejected opportunities to comply with court orders or cure deficiencies. See, *e.g.,* [Bkr. ECF No. 185 (instruction), 195 (order denying Briscoe's motion based on his failure to comply with instruction), 94 (order), 99, 100, 105, 114 (requested documents not properly filed and deficiencies cured until March 6, 2024)].

The third *Serra Builders* factor, prejudice to other parties caused by the Appellant's noncompliance, also weighs in favor of dismissal of this appeal. Briscoe initiated the underlying bankruptcy case almost two and a half years ago. He has made almost no appreciable headway on paying his creditors or obtaining a discharge since then. Instead, he has attempted via objections to claims, adversary proceedings, and motions practice to get the Bankruptcy Court to vacate various judgments against him and unwind sales of real estate that he did not own as of the petition date. Such a delay "burdens the Court's docket, unnecessarily delays resolution of the controversies in this case, and is prejudicial to the prompt administration of justice." *McDaniel v. Fed. Nat. Mortg. Ass'n*, RWT-14-626, 2015 WL 1522942, at *3 (D. Md. Mar. 31, 2015) (citation omitted). In addition, excessive delays impair the efficient disposition of estate assets. *Andresen v. Rosen*, No. PJM-05-3164, 2006 WL 4550187, at *3 (D. Md. Sept. 26, 2006); see *In re Weiss*, 111 F.3d at 1173 (noting that delay "prejudiced the debtors and creditors of the bankrupt estate").

Dismissing this appeal will avoid further depletion of estate assets, bring Briscoe's bankruptcy case to a final end, and allow creditors to finally begin to recoup their losses.

Finally, as to whether the Court should impose a less severe remedy, "a less severe sanction, such as additional correspondence or further extension of the deadline for filing a brief, would be insufficient." *Brandeen v. Liebmann*, No. BR 15-24248-JS, 2017 WL 1398266, at *2 (D. Md. Apr. 19, 2017); see *Cofield*, 2022 WL 195492, at *7 ("[W]ith respect to the impact of dismissal, I am persuaded that no available alternative remedy is appropriate in this case, where Appellants consistently disregarded procedural rules without providing reasonable excuse or explanation."). This appeal has been pending for three months. Two full months elapsed between the notice of the appeal and Briscoe's first filing in this matter: a motion to *stay*. Another show cause order from this Court would only result in another filing from Briscoe pleading ignorance and asking for an extension of time to draw out the appeal process even further. Anything short of a dismissal of this appeal would be futile at best and enabling of Briscoe's obstructionist strategy at worst. *Kelly v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, No. GJH-21-1184, 2022 WL 861395, at *4 (D. Md. Mar. 23, 2022) ("[G]iven that Appellants have wholly failed to designate the record (or file an appeal brief) as required under the Federal Rules of Bankruptcy Procedure, this Court is persuaded that a less severe sanction would be futile here, where Appellants consistently disregarded procedural rules without providing reasonable excuse or explanation.") Given Briscoe's pattern of intentional malfeasance that has begun to cross the line into sanctionable territory, dismissal of this appeal is the appropriate "less severe remedy".

For all the reasons stated above, Appellees/Creditors request that this Court enter an Order dismissing this appeal with prejudice and grant Appellees/Creditors such other and further relief

as the Court deems appropriate.

    Respectfully submitted,

    /s/ *Stanford G. Gann, Jr.*
    Stanford G. Gann, Jr.
    Federal Bar No. 07680
    Levin Gann PA
    1 W. Pennsylvania Avenue, Suite 900
    Towson, Maryland 21204
    410-321-0600 (direct)
    410-339-5762 (fax)
    sgannjr@levingann.com
    *Attorneys for Appellees/Creditors*

## **CERTIFICATE OF SERVICE**

I hereby certify that this 21st day of July, 2025, a copy of the foregoing was filed and served by CM/ECF to those parties listed on the docket as being entitled to such electronic notices and by e-mail to Mr. Maurice Briscoe, 9903 Nicol Court West, Mitchellville, Maryland 20721; mauricebriscoe@msn.com.

    /s/ *Stanford G. Gann, Jr.*
    Stanford G. Gann, Jr.