# UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

MAURICE BRISCOE,
Appellant,

v. Civil Action No. 8:25-cv-01184-PX

PATHIK RAMI, SAFE ASSET GROUP L.P.,
and TRUSTEE MERRILL COHEN,
Appellees.



Rev'd by: HD

# EMERGENCY MOTION TO VACATE UNDERVALUE SALES OR, IN THE ALTERNATIVE, TO ESCROW PROCEEDS AND COMPEL ACCOUNTING

## I. BACKGROUND

1. Appellant filed Chapter 7 bankruptcy in March 2023 (Case No. 23-12106).
2. This appeal is currently pending before this Court.
3. During the pendency of this appeal, the Trustee sold six properties belonging to Appellant's estate:
   - 2510 Robb Street – worth ~$100,000
   - 3119 Brighton Street – worth ~$85,000
   - 1909 W. North Avenue – worth ~$85,000
   - 3702 Liberty Heights Avenue – worth ~$300,000
   - 939 Ellicott Driveway – worth ~$95,000
   - 800 N. Rosedale Street – worth ~$100,000

   Combined estimated value: ~$765,000.

4. These sales followed earlier transactions in which creditor Pathik Rami already received a **$151,000 insurance check** and the **$380,000 sale of 5007 Liberty Heights Avenue.**
5. In total, Rami and the Trustee have taken control of assets exceeding **$1,000,000 in value.**
6. Appellant disputes claims that an additional $230,000 loan existed. His adversary proceeding challenging that loan was improperly dismissed by the Bankruptcy Court, depriving him of due process.

# II. ARGUMENT

### A. Section 363(m) Does Not Protect Undervalue Sales
The six properties were sold for amounts far below their fair market value (~$765,000). Sales at undervalue are not made in good faith, and therefore are not protected under 11 U.S.C. § 363(m). See *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir. 1986).

### B. Rami Was Paid in Full
Rami's secured claim of $150,000 on Liberty Heights was fully satisfied by the $151,000 insurance proceeds. The subsequent $380,000 Liberty Heights sale provided an additional windfall. Once paid in full, a secured creditor has no right to seize additional property.

### C. Disputed $230,000 Loan Cannot Justify $1,000,000 in Liquidation
Appellees claim Appellant owed a second loan of $230,000. Appellant disputes this loan and was denied a fair opportunity to litigate it when his adversary proceeding was dismissed. Even assuming arguendo the $230,000 debt existed, the combined obligations ($150,000 + $230,000 = $380,000) are a fraction of the assets already liquidated. The Trustee allowed Rami to collect over $1,000,000, nearly three times the alleged obligations.

### D. Breach of Trustee's Fiduciary Duty
The Trustee has a duty under 11 U.S.C. § 704 to protect the estate and distribute fairly. Selling properties far beyond what was necessary to satisfy claims constitutes excessive liquidation, equity stripping, and breach of fiduciary duty.

### E. Irreparable Harm to the Estate
The continued liquidation of properties while this appeal is pending strips equity and undermines appellate jurisdiction. Unless sales are vacated or proceeds preserved, Appellant will be permanently deprived of property rights and appellate relief will be meaningless.

# III. RELIEF REQUESTED

Appellant respectfully requests that this Court:

1. **Vacate the Trustee's sales** of 2510 Robb St., 3119 Brighton St., 1909 W. North Ave., 3702 Liberty Heights Ave., 939 Ellicott Drwy., and 800 N. Rosedale St. as undervalue and not in good faith;
2. Alternatively, order that **all proceeds from these sales be placed in escrow** pending resolution of this appeal;
3. Compel the Trustee to file a full **accounting of all insurance proceeds, sale proceeds, and distributions** connected to Appellant's properties; and
4. Grant such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ Maurice Briscoe
Maurice Briscoe
9903 Nicol Court West
Mitchellville, MD 20721
Tel: 301-404-6932
Email: mauricebriscoe@msn.com
Appellant, Pro Se

Date: 9-10-25