UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Maurice Briscoe, Appellant

v.

Merrill Cohen, Chapter 7 Trustee, Pathik Rami, et al., Appellees

Civil Action No.: 8:25-cv-01184-PX

## EMERGENCY MOTION FOR RELIEF PENDING APPEAL

COMES NOW, Appellant Maurice Briscoe, pro se, and respectfully moves this Court pursuant to Fed. R. Bankr. P. 8007 for emergency relief pending appeal, to preserve the property rights of Appellant and co-owner Mrs. Yvonne Forrester with respect to 3702 Liberty Heights Avenue, Baltimore, Maryland.

1. Appellant and Mrs. Yvonne Forrester jointly owned 3702 Liberty Heights Avenue. Mrs. Forrester, age 58, was required to co-sign a $20,000 loan from Appellee Pathik Rami, but she has never filed for bankruptcy and is not a debtor in this case.

2. The Bankruptcy Court approved the sale of 3702 Liberty Heights Avenue to Mr. Rami, displacing Mrs. Forrester from her home despite her status as a non-debtor co-owner.

3. The record reflects that Mr. Rami had already been fully satisfied through the $380,000 sale of 5007 Liberty Heights Avenue and the $151,000 State Farm insurance proceeds that he received.

4. The property at 5007 Liberty Heights Avenue was sold while the automatic stay under 11 U.S.C. § 362 was in effect. Neither the Trustee nor the Bankruptcy Court voided the sale or remedied this stay violation.

5. The Bankruptcy Court also credited Mr. Rami $400,000 for alleged repairs to 5007 Liberty Heights Avenue, performed without court approval, documentation, or permits — further unjustly enriching Mr. Rami.

6. The cumulative effect of these actions is that Mr. Rami was overpaid, while Mrs. Forrester — an innocent co-owner — lost her home. This constitutes irreparable harm and a violation of due process.

## RELIEF REQUESTED

WHEREFORE, Appellant respectfully requests that this Honorable Court:

A. Stay enforcement of the sale of 3702 Liberty Heights Avenue pending the resolution of this appeal;

B. Prohibit eviction or further transfer of the property during the pendency of appellate proceedings;

C. Review the Bankruptcy Court record, including evidence that Mr. Rami was fully paid and

that the 5007 Liberty Heights Avenue sale violated the automatic stay;

D. Vacate the order approving the sale of 3702 Liberty Heights Avenue, or alternatively order full restitution of its value;

E. Reverse the $400,000 credit given to Mr. Rami for unauthorized repairs; and

F. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Maurice Briscoe
Maurice Briscoe
9903 Nicol Court West
Mitchellville, MD 20721
301-404-6932
mauricebriscoe@msn.com
Appellant, Pro Se

*Maurice Briscoe*
9-11-25