IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND**

MAURICE BRISCOE,
Appellant,

v.

PATHIK RAMI, et al.,
Appellees.

Civil Action No. **[8:25-CV-00184-PX]**

# EMERGENCY MOTION FOR DETERMINATION THAT POST-APPEAL TRANSFER OF ESCROW FUNDS WAS UNAUTHORIZED AND FOR RETURN OF FUNDS OR OTHER APPROPRIATE RELIEF

Appellant Maurice Briscoe, proceeding pro se, respectfully moves this Court for a determination that the post-appeal transfer of $44,000 in escrow funds was unauthorized and for the return of those funds, or other appropriate equitable relief. In support, Appellant states as follows:

## I. JURISDICTION AND PROCEDURAL POSTURE

1. This Court has jurisdiction under **28 U.S.C. § 158(a)** because Appellant's bankruptcy appeal is currently pending before this Court.
2. This motion concerns **post-appeal conduct** taken during the pendency of that appeal that affects Appellant's property rights and threatens to interfere with this Court's appellate jurisdiction.
3. Appellant does not ask this Court to reconsider any bankruptcy ruling. Rather, Appellant seeks a determination regarding **unauthorized conduct occurring after the appeal was filed**.

## II. RELEVANT FACTS

4. Prior to filing for bankruptcy, Appellant and Mr. Rami agreed that **$44,000** would be placed into Appellant's attorney's trust/escrow account pending final court resolution of their disputes.
5. Appellant disclosed the existence of these funds to the Court and the Trustee.

6. While Appellant's appeal was pending in this Court, the Chapter 7 Trustee sent a **letter**, signed only by the Trustee, demanding that Appellant's former counsel turn over the $44,000 to Mr. Rami.
7. The Trustee's letter was **not accompanied by any court order**, bore **no judge's signature**, and was issued **without notice or a hearing**.
8. Appellant's former counsel had **withdrawn from representation** before releasing the funds and acted **without Appellant's consent**.
9. Appellant was **not notified** that the Trustee had demanded the funds or that the funds were released.
10. At the time the funds were turned over, Mr. Rami had already been treated as **paid in full**, and the Trustee had previously transferred Appellant's entire bankruptcy estate to Mr. Rami.

### III. THE TRUSTEE'S UNAUTHORIZED CONDUCT DURING A PENDING APPEAL

11. A trustee may not seize or redirect funds by letter alone. **Court authorization is required** before estate property may be used, transferred, or distributed. See **11 U.S.C. § 363(b)**.
12. The Trustee's demand for the $44,000 was made **without any court order, without a hearing**, and **during the pendency of this appeal**, thereby altering property rights while appellate review was ongoing.
13. Such conduct interferes with this Court's appellate jurisdiction and risks rendering appellate relief ineffective.
14. The Trustee's demand and receipt of the $44,000 is not an isolated incident. It is consistent with a broader pattern in which the Trustee has taken actions that favor Mr. Rami—despite Mr. Rami having already been treated as paid in full—without seeking court authorization or providing notice to Appellant.
15. A Chapter 7 Trustee is required to act impartially and to protect estate assets for the benefit of all parties, not to advance the interests of a single creditor. **11 U.S.C. § 704(a)(1)**; *In re United Healthcare System, Inc.*, **396 F.3d 247, 251–52 (3d Cir. 2005)**.

### IV. LACK OF AUTHORITY AND DUE PROCESS VIOLATIONS

16. Because Appellant's former counsel had already withdrawn, he lacked authority to act on Appellant's behalf or release escrowed funds.
17. The deprivation of Appellant's funds without notice or an opportunity to be heard violates basic principles of **due process**.

18. Actions taken without authority and without court approval are void or voidable and subject to correction by this Court. See *In re Nguyen*, **447 B.R. 268, 281 (B.A.P. 9th Cir. 2011)**.

## V. EMERGENCY RELIEF IS WARRANTED

19. The unauthorized transfer of funds during a pending appeal constitutes **irreparable harm**, as it alters property rights and risks mooting appellate relief.
20. Immediate intervention by this Court is necessary to preserve the status quo and protect its jurisdiction.

## VI. RELIEF REQUESTED

Appellant respectfully requests that this Court:

1. **Determine that the transfer of the $44,000 was unauthorized** and not supported by any court order;
2. **Order the immediate return of the $44,000** to escrow, or in the alternative, direct that the funds be deposited into the **registry of this Court** pending resolution of the appeal;
3. Require the Trustee to provide a **written accounting** of the funds;
4. **Enjoin further transfers or distributions** affecting Appellant's property during the pendency of this appeal without prior court authorization; and
5. Grant such other and further relief as equity and justice require.

Respectfully submitted,

/s/ **Maurice Briscoe**
Maurice Briscoe
9903 Nicol Court West
301-440-6932
mauricebriscoe@msn.com
*Pro Se Appellant*

Maurice Briscoe
1-5-26

# CERTIFICATE OF SERVICE

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MARYLAND

**MAURICE BRISCOE,**
Appellant,

v.

**PATHIK RAMI, et al.,**
Appellees.

Civil Action No. **8:25-CV-00184-PX**

## CERTIFICATE OF SERVICE

I hereby certify that on this 5 day of JAN_____, 2026, a true and correct copy of the foregoing **Emergency Motion for Determination That Post-Appeal Transfer of Escrow Funds Was Unauthorized and for Return of Funds or Other Appropriate Relief**, together with the **Emergency Notice of Filing** and the **[Proposed] Order**, was served as follows:

### Via Electronic Mail (as authorized)

Service was made by electronic mail to the Chapter 7 Trustee, who advised that service by email is acceptable:

**Merrill Cohen**
Chapter 7 Trustee
Email: **merrillc@cohenbaldinger.com**

### Via U.S. Mail (First Class)

**Merrill Cohen**
Chapter 7 Trustee
P.O. Box 53
Harbeson, DE 19951

**Stanford Levin Gann, Esq.**
1 Pennsylvania Avenue
Towson, MD 21204

I declare under penalty of perjury that the foregoing is true and correct.

Date: 1-5-26

Respectfully submitted,

/s/ **Maurice Briscoe**
**Maurice Briscoe**
9903 Nicol Court West
Mitchellville, MD 20721
Phone: 301-404-6932
Email: mauricebriscoe@msn.com
**Pro Se Appellant**