UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MAURICE BRISCOE, | * | |
|    Appellant, | * | Civil Action No.: 8:25-cv-01184-PX |
| v. | * | |
| REBECCA HERR, | * | |
|    Appellee. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**OMNIBUS OBJECTION BY APPELLEES TO APPELLANT'S
VARIOUS MOTIONS AND FILINGS**

Pathik Rami ("Rami") and Safe Asset Group Limited Partnership ("Safe Asset") (collectively "Creditors" or "Appellees"), by and through their undersigned attorneys, hereby file this Omnibus Objection to Appellant Maurice Briscoe's ("Briscoe" or "Appellant") pending motions—including his Motion to Consolidate Appeals, various Emergency Motions for Stay Pending Appeal, and Emergency Motion for Temporary Restraining Order, and in support thereof, state as follows:

**I. Procedural Deficiencies and Basis for Dismissal**

As detailed in Appellees' pending Motion to Dismiss [ECF No. 10], the Appellant has failed to comply with the procedural requirements of the Federal Rules of Bankruptcy Procedure. Although Briscoe filed his Notice of Appeal on April 3, 2025, he did not timely file either the designation of the record or the statement of issues within the fourteen-day period required by Rule 8009(a)(1), nor did he file his initial brief by the May 19, 2025 deadline under Rule 8018(a)(1).

While he later responded to this Court's Show Cause Order, he provided no compelling justification for his delays or for failing to submit an appellate brief. As of this filing, no brief has been filed. Under *In re Serra Builders, Inc.*, dismissal is warranted where an appellant displays a

1

pattern of negligence and bad faith. Briscoe's history of missing 341 meetings, disregarding court orders, and prolonging proceedings to preserve the automatic stay underscores such bad faith and supports dismissal under the Court's inherent authority.

**II. Failure to Meet the Standard for a Stay Pending Appeal**

The Appellant cannot meet the standard for a stay pending appeal because (1) he has no likelihood of success on the merits, and (2) he will suffer no irreparable injury absent a stay.

Under 11 U.S.C. § 363(m), the reversal or modification of an authorized sale cannot affect the validity of a sale to a good-faith purchaser unless a stay was obtained pending appeal. Briscoe never obtained such a stay; thus, the sales authorized and completed by the Trustee are final and protected by law.

Appellant's motions—relying on claims of "overpayment" through the Garrison Property and insurance proceeds for the Liberty Heights Property—have already been rejected by the Bankruptcy Court after an extensive March 17, 2025 evidentiary hearing. The Court found that all credits were properly applied before entry of the state court judgments, consistent with the Rooker-Feldman doctrine, which bars federal re-litigation of state court determinations.

Nor can Briscoe establish irreparable harm. His conditional interest in the Liberty Heights Property was extinguished long before bankruptcy due to payment defaults, and he never held title. His own filings contradict his continued representation of that property as his primary residence. In contrast, continued delay harms the Creditors, who have been forced to endure years of unproductive litigation and mounting administrative costs while Briscoe fails to pay taxes, water charges, or insurance on the properties.

**III. Opposition to Consolidation**

Appellant's request to consolidate this matter with other pending appeals is premature and inappropriate. Procedural defaults in this case independently warrant dismissal regardless of other proceedings. His serial, duplicative filings—previously addressed in Appellees' oppositions to motions at ECF Nos. 6, 8, 10, and 16—have already strained the docket and prejudiced the Creditors without presenting any new legal or factual grounds.

**IV. Opposition to Emergency Motion to Vacate Sales and for Relief Pending Appeal.**

Briscoe's Emergency Motions [ECF Nos. 13 and 14] recycle the same legally barred and factually unsupported claims regarding allegedly undervalued real estate sales and supposed "overpayments." The Bankruptcy Court already authorized these sales pursuant to properly noticed motions, and Briscoe failed to appeal those orders. His current challenges are therefore moot and procedurally barred.

Furthermore, the Appellant's claim that Appellees have been fully satisfied relies on the same unfounded theories regarding insurance proceeds and property credits that have been repeatedly rejected. Under FRBP 3001(f), a proof of claim executed and filed in accordance with the rules constitutes prima facie evidence of the validity and amount of the claim. The Creditors properly filed their claims (Claims No. 14 and 15) based on finalized state court judgments. During the all-day evidentiary hearing on March 17, 2025, the Appellant failed to introduce any evidence to rebut the presumptive validity of these claims. As the Bankruptcy Court properly found, the $152,714.21 in insurance proceeds and the value of the Garrison Property were already fully accounted for and credited toward the Appellant's debts prior to the entry of the state court judgments. His reassertion of those points represents an impermissible collateral attack on final judgments. Moreover, allegations of "equity stripping" and fiduciary breach ignore the fact that

these sales were consistent with the Trustee's statutory duty to liquidate estate assets and were necessitated by Briscoe's prolonged noncompliance.

The Appellant's current motion merely attempts to revive these "dead issues" to suggest a windfall where none exists. Because the Appellant failed to overcome the prima facie validity of the claims at the trial level, he has no likelihood of success on the merits, and his motions for "relief" are legally unsubstantiated.

### V. Opposition to Determination Regarding Escrow Funds.

Appellant's latest filing, the "Emergency Motion for Determination that Post-Appeal Transfer of Escrow Funds was Unauthorized" (ECF No. 17), is a redundant attempt to relitigate the same "overpayment" theories that the Bankruptcy Court has already rejected. Appellant asserts that $44,000 held in a pre-petition escrow account was improperly transferred by the Chapter 7 Trustee to Appellee Pathik Rami during the pendency of this appeal. This motion should be denied because it relies on the false premise that the Creditors have been "paid in full" and ignores the Trustee's legal mandate to manage and distribute estate assets.

As established in previous proceedings, the Appellant's contention that Appellee Rami received a windfall is factually incorrect. The Bankruptcy Court conducted an exhaustive all-day evidentiary hearing on March 17, 2025, and determined that the credits Appellant seeks—specifically the $152,714.21 in insurance proceeds and the $85,000 value of the Garrison Property—were already fully accounted for and applied to the principal debt before the state court judgments were entered. Consequently, the $44,000 in escrow, which Appellant admits was set aside pending the "final court resolution of their disputes," is rightfully subject to the claims of the Creditors as part of the Chapter 7 liquidation process.

Appellant's argument that the transfer of these funds violates due process or interferes with this Court's jurisdiction is similarly without merit. Since the conversion of his case back to a Chapter 7, the Trustee has had the authority and duty to collect estate property and distribute it to satisfy allowed claims. Appellant has consistently failed to obtain a stay of the underlying bankruptcy proceedings, and his failure to comply with Bankruptcy Rules 8009 and 8018 has left this appeal without a designated record or a timely brief. The Appellant cannot now complain of "interference" with an appellate process that he himself has failed to prosecute in good faith.

This motion is yet another example of the Appellant's "scattershot" litigation strategy intended to "snarl the bankruptcy proceedings in endless relitigation". His claim that he was not notified of the transfer ignores the fact that the funds were disclosed assets of the estate and that he has repeatedly shirked his duties as a debtor, including failing to appear for mandatory 341 meetings. Because the Bankruptcy Court has already ruled on the validity and amount of the Creditors' claims, and because the Appellant lacks any remaining legal interest in these estate funds, the motion should be denied in its entirety.

**VI. Sanctions for Frivolous Filings and Misconduct (FRBP 8020)**

Under FRBP 8020, this Court may award damages or costs where an appeal is frivolous or a party engages in misconduct. FRBP 8020(b) further authorizes the court to discipline or sanction a party for misconduct, including the failure to comply with court orders. Briscoe's serial, duplicative "emergency" filings—each raising "dead issues" repeatedly resolved by both the Bankruptcy Court and the state courts—fit squarely within that definition. These filings waste judicial resources, impose unnecessary expense, and obstruct final administration of the estate.

As such, the Appellant's actions demonstrate an abuse of the bankruptcy and appellate processes for the improper purpose of avoiding secured debts. For these reasons, the Creditors


respectfully request that this Court dismiss the appeal with prejudice, deny all pending motions filed by Appellant, and grant any further relief the Court deems just.

    Respectfully submitted,

/s/ *Stanford G. Gann, Jr.*
Stanford G. Gann, Jr.
Federal Bar No. 07680
Levin Gann PA
1 W. Pennsylvania Avenue, Suite 900
Towson, Maryland 21204
410-321-0600 (direct)
410-339-5762 (fax)
sgannjr@levingann.com

*Attorneys for Appellees/Creditors*

## CERTIFICATE OF SERVICE

I hereby certify that this 11th day of February, 2026, a copy of the foregoing was filed and served by CM/ECF to those parties listed on the docket as being entitled to such electronic notices and by e-mail to Mr. Maurice Briscoe, 9903 Nicol Court West, Mitchellville, Maryland 20721; mauricebriscoe@msn.com.

/s/ *Stanford G. Gann, Jr.*
Stanford G. Gann, Jr.