**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| MAURICE BRISCOE, | * | |
| Appellant, | * | |
| v. | * | Civ. No. 8:25-cv-1184-PX |
| PATHIK RAMI *et al.*, | * | |
| Appellees. | * | |
| | *** | |

**<u>MEMORANDUM ORDER</u>**

Pending in this bankruptcy appeal is Appellees Pathik Rami ("Rami") and Safe Asset Group Limited Partnership ("Safe Asset") (collectively, "Appellees")'s motion to dismiss the appeal for failure to designate the record and file an appellant brief.  ECF No. 10.  Also pending are eight motions filed by pro se Appellant Maurice Briscoe ("Briscoe"): an emergency motion to stay pending the appeal, an emergency motion for a temporary restraining order, a motion to consolidate Briscoe's appeals, a motion to "direct transmittal of complete record," an emergency motion to vacate, an emergency motion for relief, an emergency motion for determination that "post appeal transfer of escrow funds was unauthorized," and a request for a status report and to expedite consideration.  ECF Nos. 4, 7, 11, 12, 13, 14, 17 & 18.  The motions are fully briefed, and no hearing is necessary.  *See* D. Md. Loc. R. 105.6.  For the following reasons, the motion to dismiss, ECF No. 10, is GRANTED, and Briscoe's motions are DENIED as moot.

On March 29, 2023, Briscoe filed in this District a Chapter 7 bankruptcy petition, which subsequently converted to one under Chapter 13.  *See In re Briscoe*, No. 23-12106-MCR, ECF Nos. 1, 75 (D. Md. Bankr.).  Thereafter, Briscoe failed to file the required monthly reports "for

each property in which the Debtor has a direct or indirect interest," in violation of the Bankruptcy Court's orders.  Bankr. ECF Nos. 179, 200 & 209.  Accordingly, the Bankruptcy Court converted the petition back to one proceeding under Chapter 7.

On March 26, 2025, the Bankruptcy Court ruled favorably for Safe Asset but denied Rami's summary judgment motion.  Bankr. ECF No. 253.  Next, the Bankruptcy Court denied Briscoe's motion to recuse the bankruptcy judge.  Bankr. ECF Nos. 255 & 256.  On April 9, 2025, Briscoe filed a notice of appeal challenging these orders, but has since failed to designate the record or file an opening brief.  ECF Nos. 1 & 1-1.

Bankruptcy Rule 8009 requires the appellant, within 14 days of noticing an appeal, to "(A) file with the bankruptcy clerk a designation of the items to be included in the record on appeal and a statement of the issues to be presented; and (B) file and serve the designation and statement on the appellee[.]"  This Court's Local Rule 404.2 provides that, if an appellant "fails to designate the contents of the record on appeal . . . within the time required by Bankruptcy Rule 8009," the Court may, "upon motion of the appellee . . . or upon its own initiative, dismiss the appeal for non-compliance with Bankruptcy Rule 8009 after giving the appellant an opportunity to explain the non-compliance and upon considering whether the non-compliance had prejudicial effect on the other parties."  D. Md. Loc. R. 404.2.  *See also Slavinsky v. Educ. Credit Mgmt. Corp.*, 362 B.R. 677, 679 (D. Md. 2007) (dismissing appeal for failure to designate record in violation of Rule 8006 (now Fed. R. Bankr. P. 8009)).  Without this designation, the Bankruptcy Court instead transmitted the entire record to this Court.  ECF No. 3.

Further, Bankruptcy Rule 8018 makes plain that Briscoe "must serve and file a brief within 30 days after the docketing of notice that the record has been sent or that it is available electronically."  Fed. R. Bankr. P. 8018(a)(1).  Under Local Rule 404.3, when a party fails to

comply with Bankruptcy Rule 8018, this Court may "upon motion of the appellee . . . or upon its own initiative, dismiss the appeal after giving the appellant an opportunity to explain the non-compliance and upon considering whether the noncompliance had prejudicial effect on the other parties." D. Md. Loc. R. 404.3.

Bankruptcy Rule 8003(a)(2) (formerly cited as Rule 8001(a)) also provides "[a]n appellant's failure to take any step other than timely filing a notice of appeal" is grounds for the Court "to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2). Before dismissing an appeal under Rule 8003(a)(2), however, the Court must take at least one of the following steps: "(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives." *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992). *See also In re SPR Corp.*, 45 F.3d 70, 74 (4th Cir. 1995) ("a proper application of [the *Serra*] test will normally require a district court to consider and balance all relevant factors").

The Court finds that dismissal is warranted for several reasons. First, Briscoe has, at a minimum, acted negligently when, rather than designate the relevant documents in the record, he transmitted the entire bankruptcy docket to include all 266 filings. ECF Nos. 1-2 & 3-1. Designation of the record requires selecting those records which are the subject of the appeal. It does neither the Court nor the Appellees any good to clog the appellate record with the entirety of the bankruptcy docket, and to do so runs counter to the rule requiring designation in the first instance. *See e.g.*, *Myers v. Schlossberg*, No. CV PX-18-3783, 2019 WL 414875, at *1–2 (D. Md. Feb. 1, 2019) (dismissing appeal for failure to designate record where "wholesale dumping" on the Court the entire bankruptcy docket did not constitute "designation" under Rule 8009); *Green*

3

*v. Prince George's Cnty. Off. of Child Support*, No. CV PJM-21-1335, 2022 WL 484938, at *3 (D. Md. Feb. 15, 2022) (striking appellant's purported "designated record" and eventually dismissing appeal where appellant "designated the <u>entire record</u> in his main bankruptcy case, five adversary complaints, as well as several other court orders, transcripts, and complaints") (emphasis in original).

Briscoe also failed, inexplicably, to file an opening brief within the required time, and has never separately sought an extension. Given that his view is designation of the entire record had been proper, his opening brief should have followed thirty days after the Bankruptcy Court transmitted the record in its entirety. *See* ECF No. 3. And yet, Briscoe never filed his brief, paying no mind to fundamental directives governing bankruptcy appeals.

Second, the Court gave Briscoe ample notice that he needs to comply with the rules or risk dismissal. The Court issued a show cause order and Briscoe failed to respond. ECF No. 5. Instead, *three months later*, Briscoe made the extraordinary request for the Court to direct transmittal of the entire bankruptcy record. ECF No. 12. That Briscoe has filed three bankruptcy cases in this Court makes his dereliction particularly troubling, as by now, he should be especially familiar with the governing rules. His refusal to follow them suggests a pattern of negligence that should not be countenanced. *See, e.g.*, *Reid v. Cohen*, No. PWG-19-752, 2020 WL 886181, at *3 (D. Md. Feb. 24, 2020) (finding bad faith where the appellants failed to satisfy procedural deadlines on appeal). Taken together, Briscoe's negligent behavior cuts in favor of dismissal.

Third, Appellees have been prejudiced by Briscoe's refusal to follow the rules and this Court's orders. Instead of complying with fundamental designation and briefing rules, Briscoe has clogged the docket with eight largely irrelevant and facially meritless motions to which Appellees had to respond. Briscoe's failure to properly prosecute the appeal likewise "burdens

4

this Court's docket and is prejudicial to the prompt administration of justice." *Strickland-Lucas v. Herr*, 600 F. Supp. 3d 585, 589 (D. Md. 2022).

Finally, given Briscoe's history of noncompliance with the applicable rules, dismissal is the most appropriate remedy.[1]  *See also Strickland-Lucas*, 600 F. Supp. 3d at 589 (finding dismissal to be appropriate where "[the] case represents a complete failure by [Appellant]— without explanation—to pursue this appeal") (quoting *Lewis v. U.S. Tr.*, Civ. No. GJH-16-2440, 2017 WL 772407, at *2 (D. Md. Feb. 27, 2017)) ("Although the Court recognizes that dismissal of a bankruptcy appeal for a procedural error is a harsh remedy that should not be imposed lightly . . . anything less would be futile given that Appellant has failed to pursue this appeal in a timely manner."); *Pelgrim v. Goldstein*, Civ. No. 24-01958-JRR, 2024 WL 4893642 (D. Md. Nov. 26, 2024) (dismissing pro se appellant's appeal where she designated the record but failed to file an opening brief).  And "[a]though pro se litigants are ordinarily afforded some leeway," that Briscoe is pro se "does not obviate [his] duty to attempt to follow the Court's procedures and requests." *Slavinsky*, 362 B.R. at 679.

Accordingly, based on the foregoing, the United States District Court for the District of Maryland hereby **ORDERS** that:

1.  Appellees Safe Asset and Rami's motion to dismiss the appeal, ECF No. 10, is **GRANTED**;

2.  Appellant Briscoe's bankruptcy appeal is **DISMISSED**;

3.  Appellant Briscoe's motions at ECF Nos. 4, 7, 11, 12, 13, 14, 17 & 18 are **DENIED** as **moot**;

---

[1] *See e.g.*, *Briscoe v. Herr*, Civ. No. 8:24-cv-03494-PX, ECF No. 5 (D. Md.) (failure to timely designate record and designation of the record in its entirety); *Briscoe v. Cohen et al.*, Civ. No. 8:25-cv-02722-PX, ECF Nos. 3, 4-1, 12 (D. Md.) (moving to direct this Court to transmit the record and "for leave" to file his opening brief after failing to timely designate record and file brief).

4. The Clerk shall **CLOSE** this case; and

5. **TRANSMIT** the Order to Appellees and a **MAIL** copy of this Order to Appellant

Briscoe.

3/16/2026
_____
Date

/s/
_____
PAULA XINIS
United States District Judge